[No. B016401. Second Dist., Div. Seven. Nov. 19, 1986.]

TOKAI BANK OF CALIFORNIA, Plaintiff and Respondent, v. FIRST PACIFIC BANK, Defendant and Appellant.

**COUNSEL**

Rosen, Wachtell & Gilbert, Robert M. Silverman, Jeffrey S. Wruble and Donald J. Black for Defendant and Appellant.

Barger & Wolen, Steven H. Weinstein and Robert J. McKennon for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—Tokai Bank obtained a summary judgment against First Pacific Bank for wrongfully dishonoring two cashiers' checks issued by First Pacific. The court entered a final judgment on this claim after Tokai dismissed its other causes of action.

On appeal First Pacific argues the trial court should not have granted Tokai's motion for summary judgment because First Pacific was denied the opportunity to conduct discovery necessary to oppose the motion and because triable issues of fact existed as to Tokai's status as a holder in due course. In reply, Tokai argues a bank can raise no defenses against payment on its cashiers' checks. Alternatively, Tokai argues it is a holder in due course and none of the defenses against a holder in due course are applicable to it. Tokai denies it prevented First Pacific from conducting necessary discovery.

We uphold the trial court's summary judgment because the documents the parties submitted raise no triable issue of fact as to Tokai's status as a holder in due course, and none of the defenses against a holder in due course

are applicable here. There is no merit to First Pacific's claim it was prevented from engaging in necessary discovery.

## FACTS

Charles Monte deposited two cashiers' checks into his checking account at Tokai Bank. The checks were issued by First Pacific Bank payable to Tokai. Mr. Monte's account was credited immediately and the total deposit applied to personal checks which had been drawn against insufficient funds in Mr. Monte's account.

Tokai forwarded the cashiers' checks to First Pacific for payment. Three days later First Pacific notified Tokai it would not honor the cashiers' checks because the government checks Monte used to purchase them bore forged endorsements. This was Tokai's first notice of any defense to payment on the cashiers' checks.

## DISCUSSION

### I. EXISTING CALIFORNIA LAW DOES NOT IMPOSE A RULE OF ABSOLUTE OBLIGATION ON BANKS ISSUING CASHIERS' CHECKS.

Tokai argues a bank should not be permitted to raise any defense to its obligation to pay its cashiers' checks. It cites numerous cases from other jurisdictions which have adopted this rule. (See cases collected in Lawrence, *Misconceptions About Article 3 of the Uniform Commercial Code [etc.]* (1983) 62 N.C. L.Rev. 115, 146, fn. 219.) Undoubtedly there is merit to the rule urged by Tokai. (See *Munson* v. *American National Bank & Trust Co. of Chicago* (7th Cir. 1973) 484 F.2d 620, 623-624; *Kaufman* v. *Chase Manhattan Bank, National Ass'n* (S.D.N.Y. 1973) 370 F.Supp. 276, 278-279.) However, it is not the rule in California.

In *National Bank of California* v. *Miner* (1914) 167 Cal. 532 [140 P. 27] our Supreme Court held a bank could defend against paying a cashier's check where the bank issued the check under a mistake of fact and the holder did not change position in reliance on the negotiability of the check. (*Id.*, at pp. 537-538.) The court specifically rejected the argument that "by virtue of the execution and delivery of [the cashier's check] the liability of [National Bank] became absolute." (*Id.*, at p. 536.)

We need not assay the *National Bank* case to determine whether it should be limited to its facts or whether other defenses should be recognized. It is unnecessary to explore this question because in the case at bench Tokai is a holder in due course. (See Discussion, *infra*, pp. 1668-1669.) As such it

took the check free from any defenses except those specified in section 3305 of the California Uniform Commercial Code.[1] None of these defenses are applicable here.

## II. THE TRIAL COURT CORRECTLY FOUND TOKAI WAS A HOLDER IN DUE COURSE AND FIRST PACIFIC HAD NO DEFENSE TO THE ACTION.

 A holder in due course is one who takes the instrument for value, in good faith and without notice it has been dishonored or of any defense against it. (Cal. U. Com. Code, § 3302, subd. (1).)

The uncontradicted declaration of Tokai's general manager, Dennis Dyke, established Tokai's status as a holder in due course. In particular, Dyke stated the cashiers' checks were deposited in Mr. Monte's account on August 3d, his account credited immediately and the total amount of the deposit applied to checks which were drawn from insufficient funds in Mr. Monte's account. It was not until August 6 that an official of First Pacific notified Tokai the cashiers' checks had been fraudulently purchased. This same official conceded in her deposition that Tokai had acted in good faith. Tokai and First Pacific "were pawns; we were used; we were set up."

 First Pacific challenges Tokai's status as a holder in due course on the ground it gave Monte nothing of value in return for the cashiers' checks; at most it gave him a "provisional" credit to his account which it could have reversed when it was notified of the fraudulent transaction.

Dyke's declaration states Monte's account was given immediate credit and the funds represented by the cashiers' checks were used to pay checks written on the account against insufficient funds. This statement shows Monte received final, not "provisional," credit. Furthermore, applying the deposit to checks drawn against insufficient funds constitutes a taking for

---

[1]Section 3305 of the California Uniform Commercial Code provides:
"To the extent that a holder is a holder in due course he takes the instrument free from
" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(2) All defenses of any party to the instrument with whom the holder has not dealt except
"(a) Infancy, to the extent that it is a defense to a simple contract; and
"(b) Such other incapacity, or duress, or illegality of the transaction, as renders the obligation of the party a nullity; and
"(c) Such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms; and
"(d) Discharge in insolvency proceedings; and
"(e) Any other discharge of which the holder has notice when he takes the instrument."
(Stats. 1963, ch. 819, § 3305.)

value under California Uniform Commercial Code section 3303, subdivision (b):

"A holder takes the instrument for value . . . (b) when he takes the instrument in payment of or as security for an antecedent claim against any person whether or not the claim is due . . . ." (See *Bank of Costa Mesa* v. *Losack* (1977) 74 Cal.App.3d 287, 293-294 [141 Cal.Rptr. 550].)

■ The trial court correctly determined there were no triable issues of fact as to Tokai's status as a holder in due course and none of the defenses against a holder in due course applied in this case.

III. FIRST PACIFIC WAS NOT PREVENTED FROM CONDUCTING NECESSARY DISCOVERY.

■ First Pacific contends summary judgment should not have been granted to Tokai because Tokai refused to comply with First Pacific's discovery requests precluding First Pacific from effectively responding to the summary judgment motion. There is no merit to this contention.

The record shows in October 1982 First Pacific noticed the deposition of Tokai's custodian of records. The custodian was requested to produce Charles Monte's banking records. In January 1983 Tokai filed objection to the request for production of documents. It contended, in part, the request would require it to produce consumers' personal records in violation of Code of Civil Procedure section 1985.3. At that point First Pacific could have subpoenaed the records under section 1985.3 or made a motion to compel production of the documents under Code of Civil Procedure section 2034. It did neither. Nine months elapsed from the time Tokai objected to the production of documents to the time Tokai moved for summary judgment. Even after Tokai filed its motion for summary judgment First Pacific took no steps to secure discovery of the evidence it now contends was crucial to its opposition to the motion.

DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Thompson, J., concurred.